## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

JORGE GARCIA, Individually and on behalf
of the Estate of ABRAHAM GARCIA,
deceased; LUIS ROGELIO PUENTE
MARTELL, Individually and on behalf of the
Estate of LUIS ROGELIO PUENTE
VILLELA, deceased; OLIVIA MIRIAM
VILLELA ORTIZ, Individually; DANIELLA
BARAJAS, Individually and on behalf of the
Estate of AURELIANO BARJAS; and
ANTONIA BARAJAS, Individually,

     *Plaintiffs*,

v.

JEANETTA IZELA GARCIA FASSION,
Individually and as personal representative of
the Estate of AURELIANO BARAJAS,
deceased; and as next friend of AURELIANO
BARAJAS GARCIA, a minor, individually;
and ANDRES BARAJAS GARCIA, a minor,
individually,

     *Intervenors,*

v.

LYCOMING ENGINES, a division of AVCO
CORPORATION, and AVCO
CORPORATION; TEXTRON AVIATION,
INC.; CESSNA AIRCRAFT COMPANY;
MCCREERY AVIATION COMPANY INC.;
AVIATION MANUFACTURING
COMPAN,Y INC.; AND INTERSTATE
SOUTHWEST LTD.,

     *Defendants*,
and

WEBSTER VICKNAIR MACLEOD,

     *Interpleading Plaintiff*,

COURT FILE NO. 7:25-cv-00296

**INTERPLEADING DEFENDANT
BROOK-HOLLOW CAPITAL, LLC'S
MEMORANDUM IN OPPOSITION TO
MOTION TO REMAND**

and

THE GARCIA LAW GROUP PLLC and
MARIA GARCIA,

> *Interpleading Defendants and Cross
> Plaintiffs*,

and

BROOK-HOLLOW CAPITAL, LLC and
BROOK-HOLLOW FINANCIAL, LLC,

> *Interpleading Defendants*.

Brook-Hollow Capital, LLC ("**BHC**"), by and through its undersigned counsel, hereby submits its memorandum of law in opposition to The Garcia Law Group's ("**GLG**") and Maria L. Garcia's ("**Garcia**") Motion to Remand, and respectfully states as follows:

## INTRODUCTION AND STATEMENT OF THE CASE

1.      On June 26, 2025, BHC properly asserted its statutory right to remove the underlying state court matter to Federal District Court for the Southern District of Texas under 28 USC § 1446 in Court File No. 7:25-cv-00325 (the "**Motion to Remove**"). BHC undoubtedly established that diversity of citizenship existed, and the amount of controversy exceeded the $75,000.00 threshold, and removal was timely under the "substantial repleading" exception.

2.      In response, GLG and Garcia filed a Motion to Remand, relying upon a twisted version of the facts and procedural posture intended to muddy the waters and create jurisdictional doubt for this Court. In actuality, this matter is simple and boils down to a straightforward analysis of two questions: (1) does federal jurisdiction exist? If so, (2) did BHC properly comply with removal procedure? The answer to both of these questions is yes, and removal to this Court was proper.

10402569v1

3.      As set forth in greater detail below, this Court has jurisdiction over the only real controversy at issue. Under the "separate and independent claim" rule recognized by the Fifth Circuit, BHC was authorized to remove this case to federal court and exercised that right. Despite the lengthy case caption, the only adverse claims currently at issue are amongst GLG and Garcia on one hand, and BHC on the other. Such claims are wholly separate and independent from the underlying personal injury litigation, which was long ago resolved, and the interpleader action filed by Webster Vicknair MacLeod seeking guidance on the division of fees earned from the underlying personal injury action. As GLG and Garcia are citizens of Texas and BHC is a citizen of Delaware and Florida, there is complete diversity amongst the adverse parties.[1]

4.      The Motion to Remove was timely filed within under 28 U.S.C. § 1446 in accordance with the "substantial repleading" exception. On May 27, 2025, GLG and Garcia filed a Second Amended Counterclaim and Crossclaim, substantially changing the nature of the claims against BHC, and restarting the thirty-day time period in which remove the action to federal court. As the Motion to Remove was filed by BHC on June 26, 2025, it was timely.

5.      Because this Court has jurisdiction and BHC complied with all removal procedures, the Motion to Remand should be denied.

## FACTUAL BACKGROUND

6.      GLG and Garcia assert a number of distorted and untrue facts pertaining to the nature of BHC's business, loans it received from BHC under certain loan agreements, IRS complaints, and representations BHC made. These asserted facts are false and wholly irrelevant to BHC's Motion to Remove and the present Motion to Remand. As the present motion hinges on

---

[1] In their Motion to Remand, GLG and Garcia do not dispute that the amount in controversy exceeds $75,000.00 as asserted in the Motion to Remove, and, therefore, such issue is conceded. *See Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, 66 F. Supp. 3d 795, 811 (E.D. Tex. 2014).

the determination of jurisdiction and procedure, BHC limits its statement of facts to the relevant procedural posture and facts necessary for the Court's analysis.

7.    On June 21, 2016, an Original Petition was filed in the Texas state-court action that Defendants argue is "parallel" to the case at bar (the "**State Court Lawsuit**"). The State Court Lawsuit was filed by four named plaintiffs, in their individual capacities and on behalf of three estates, following an aviation accident in which the pilot, co-pilot, and one passenger died. (Burton Decl., Ex. A at ¶ 2.1.) The plaintiffs alleged that certain design defects in the plane had contributed to and caused the crash. The State Court Lawsuit is wholly separate from and irrelevant to the issues in this matter.

8.    The personal injury claims underlying the State Court Lawsuit settled in November 2023, with the defendants and their insurers paying all settlement funds – including attorneys' fees – to plaintiffs' counsel, Webster Vicknair MacLeod ("**Webster**"). (Burton Decl., Ex. A at ¶¶ 3.2-3.3.)

9.    After the settlement funds were paid into a 468b Qualified Settlement Fund, upon information and belief, Webster deposited the funds into its IOLTA account. (*Id*. at ¶ 3.3.)

10.    At some point thereafter, a dispute arose regarding the attorneys' fees portion of the settlement award. Specifically, upon information and belief, GLG disputed that its portion of the fees should be paid to non-party BHC contrary to Garcia's 2021 "direction to pay" letter. (*See id.*, ¶¶ 3.5-3.10.)

11.    As a result of the foregoing dispute over the distribution of attorneys' fees in the State Court Lawsuit, and unbeknownst to BHC, on December 13, 2023, Webster filed a petition in interpleader and declaratory judgment action (the "Interpleader Action") in the same Hidalgo County Court file that had resolved the personal injury claims (the "**Original Interpleader**

Petition"). (Burton Decl., Ex. A.) The Original Interpleader Petition was not an adverse action and related solely to the distribution of attorneys' fees, which were owed to GLG pursuant to its fee-splitting arrangement with Webster, and whether such fees should be remitted to GLG or BHC pursuant to the direction-to-pay letter. (*See id*. at ¶ 3.10.)

12.     Though Webster named GLG and BHC as defendants in interpleader, BHC was never served with the Original Interpleader Petition, and the state court's Register of Action is devoid of any evidence to the contrary. (Declaration of Tate Johnson, ¶ 6.)

13.     Between 2019 and 2024, BHC pressed GLG and Garcia for payment for past due and defaulted loans and those efforts escalated throughout 2024. On November 4, 2024, BHC informed GLG and Garcia that a federal suit was imminent, and shared a copy of a draft complaint with counsel for GLG. (Johnson Decl., ¶¶ 2-5.)

14.     On November 6, 2024, nearly 11 months after the Original Interpleader Petition was filed and two days after BHC sent GLG and Garcia the draft complaint, GLG finally responded to the Original Interpleader Petition by filing a general denial to Webster's petition and also filed a counterclaim and crossclaim. (Burton Decl., Exs. B-C.) GLG's counterclaim and crossclaim sought a declaration that the funds at issue belong to GLG and not to BHC and further asserted that BHC had fraudulently induced Defendants – a law firm and an attorney – into executing the MLSAs by providing allegedly misleading statements about a legal fee deferral program that BHC does not offer. (*See id*., Ex. C at 4-6.)

15.     Given the timing of GLG's crossclaim – i.e., after it had received BHC's draft complaint for breach of the MLSAs, but days before BHC filed its federal action on November 8, 2024 (*Brook-Hollow Capital, LLC v. Garcia Law Group, PLLC, et al.*, Court File No. 7:24-cv-00466) ("**BHC Action**") – it is clear that GLG merely raced to the Court to file a bogus claim in

the Interpleader Action to avoid federal jurisdiction over BHC's efforts to collect the defaulted loans. (Cf. Burton Decl., Ex. C; Burton Decl., Ex. D.) BHC's legal claims against GLG and Garcia arising out of the defaulted loans and GLG's subsequent cross-claim are completely separate from and irrelevant to the Interpleader Action, leading to the conclusion that GLG's Cross-Claim never should have been asserted in the Interpleader action. (*Id.*) In any event, BHC was not served with GLG's crossclaim until January 30, 2025, making its response due February 24, 2025. (Johnson Decl., ¶ 7.)

16.    Meanwhile, on December 6, 2024, Webster filed an amended petition in the Interpleader Action (the "Amended Interpleader Petition"), asking the state court to determine that Webster's interest in the attorneys' fees was superior to that of BHC and GLG. (*See* Burton Decl., Ex. E.) No adverse cause of action was asserted by Webster in the Amended Interpleader Petition.

17.    Upon filing of the Amended Interpleader Petition on January 22, 2025, GLG *and* Garcia (for the first time) filed an Amended Counterclaim and Crossclaim (the "FAC"). (Burton Decl., Ex. F.) The lone claims asserted against BHC were for fraudulent misrepresentation and declaratory judgment. (Burton Decl. Ex. F at 4-7.)

18.    BHC was not served with a copy of the BHC until January 30, 2025. (Johnson Decl., ¶ 8.)

19.    On June 5, 2025, Garcia and GLG moved in state court for a ruling that the Hidalgo state court had "dominant jurisdiction" over the federal BHC Action.  BHC opposed the motion and properly noted that that concept of dominant jurisdiction did not apply to the facts presented. The Hidalgo court, however, ruled in favor of GLG and Garcia on June 5, 2025. (ECF No. 6, Ex. F.)

20.     On May 27, 2025, GLG and Garcia filed the Second Amended Counterclaim and Crossclaim ("SAC"), naming Brook-Hollow Financial, LLC ("BHF") as a defendant for the first time. (Burton Decl., Ex. G.) In the SAC, the lone "claim" brought against Webster was for declaratory judgment, in which GLG and Garcia requested that the court declare that Webster was not entitled to the attorneys' fees from the State Court Litigation, which was the sole purpose for the Interpleader Action filed by Webster. (*Id.* at 6-8.) Legally, GLG and Garcia's "claim" against Webster was not a claim at all, but rather a benign request for a remedy.

21.     GLG and Garcia also asserted four new, novel causes of action against BHC that included allegations substantively different than those pleaded in prior pleadings. The new causes of action include money had and received, breach of contract, unjust enrichment, and civil conspiracy. (Burton Decl., Ex. G at 8-10.)

22.     On June 11, 2025, BHF filed a Notice of Removal of the State Court Litigation in the United States District Court for the Southern District of Texas Court File No. 7:25-cv-00296 (the "**BHF Removal**"). (Burton Decl., Ex. H.) The BHF Removal was originally filed in the State Court Litigation at 12:05 p.m., and was not filed in the federal court until a few hours later. However, while BHF was in the process of filing its removal papers with the federal court, GLG and Garcia nonsuited BHF from the State Court Litigation pursuant to Tex. R. Civ. P. 162, in a blatant and obvious attempt to prevent this Court from obtaining jurisdiction. (*See* Burton Decl., Ex. I.) Shortly thereafter, on June 16, 2025, GLG and Garcia moved to remand the BHF Removal.

## LEGAL STANDARD

23.     "A party has the right to remove a case to federal court when federal jurisdiction exists, and the removal procedure is properly followed." *Serv. Asset Mgmt. Co. v. Hibernia Corp.*, 80 F. Supp. 2d 626, 628 (E.D. Tex. 2000). 28 USC § 1441(a) "allows the removal of any case

7

brough in state court in which a federal court has original jurisdiction." *TnT Gaming Ctr. LLC v. Am. Specialty Ins. & Risk Servs., Inc.*, 759 F. Supp. 3d 742, 747 (N.D. Tex. 2024).  Federal district courts "have original jurisdiction over civil actions between citizens of different States with an amount in controversy that exceeds $75,000.00." *Id*. Remand of a properly removed state court action is inappropriate when the moving party improperly or fraudulently joins a party for the purpose of defeating diversity jurisdiction. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

24.    A party seeking removal of a state court action "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). However, if the party establishes that federal jurisdiction exists and procedures for removal were followed, the district court should deny a motion for remand. *See Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 761-62 (W.D. Tex. 2019).

## I.    Federal Jurisdiction Exists in the In the Controversy at Bar.

25.    BHC has the right to remove the Interpleader Action to this Court despite being labeled as a cross-claim defendant under the "separate and independent claim" rule to 28 U.S.C. § 1441. Furthermore, as asserted in the Motion to Remove, BHC can establish complete diversity of citizenship amongst the adverse parties, therefore satisfying the other jurisdictional prerequisite challenged by Garcia and GLG. Based on the foregoing, BHC can meet its burden to establish federal jurisdiction exists.

### A.  BHC had the Right to Remove this Action to Federal Court as the Claims Against it are Separate and Independent.

26.    Under 28 USC § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*." (emphasis added).

8

27. However, removal to federal court is authorized by a counter-defendant or cross-claim defendant when a "separate and independent" cause of action "is joined with a nonremovable claim or cause of action." *See State of Tex. By & Through Bd. of Regents of Univ. of Texas Sys. v. Walker*, 142 F.3d 813, 816-17 (5th Cir. 1998). A cause of action is deemed to be separate and independent "if it involves an obligation distinct from the nonremovable claims in the case." *Id*. at 817.

28. In *State of Tex. By & Through Bd. of Regents of Univ. of Texas Sys. v. Walker*, the party seeking remand asserted that his claims against the third-party defendants seeking removal were not distinct from the counterclaims asserted against the original plaintiff, and therefore the court lacked subject matter jurisdiction to hear the case. 142 F.3d at 817. The court found that the causes of action asserted against the third-party defendants were substantially different (i.e., separate and independent) from and did not require proof of the same facts as the counterclaims asserted against the original defendant. *Id*. As a result, the *Walker* court determined that removal was procedurally proper under 28 U.S.C. 1441 as the third-party claims were separate and independent from the counterclaims. *Id*. at 818-19.

29. In the present case, the dispute amongst GLG and Garcia and BHC is wholly separate from the non-adverse claim asserted in the Interpleader action by Webster. BHC was named as a party in the Interpleader Action solely to determine which party was entitled to a payout of attorneys' fees from the State Court Litigation. GLG and Garcia claim, among other things, that BHC and BHF engaged in a civil conspiracy in which they fraudulently misrepresented facts pertaining to loans received and funds invested with the intention to induce GLG out of millions of dollars. These farfetched claims have no effect on the determination of the rightful owner of

9

attorneys' fees from the State Court Litigation. Certainly, the causes of action asserted against BHC are separate and independent from the relief requested in the Interpleader action.

30.     As a practical matter, the Interpleader Action initiated by Webster is not action in which any adverse claims were ever asserted against BHC. Instead, the interplead action "is a device that allows a party in possession of money or property belonging to another to join two or more parties asserting mutually exclusive claims to the property or fund in a single suit." *Reese v. Sun Life Assurance Co. of Canada*, 483 F. Supp. 3d 407, 409 (W.D. Tex. 2020). In fact, the purpose of an interpleader is to shield the petitioning party from liability as opposed to asserting any claim against the interplead parties. *Id.* at 410.

31.     Thus, the decision over who is entitled to the attorneys' fees from the State Court Litigation can be wholly adjudicated without any determination of the validity of GLG and Garcia's cross-claims against BHC. The causes of action in the movants' cross-claims rely upon wholly separate facts and legal theories from the Interpleader Action. Under *Walker*, BHC was entitled to remove the claims asserted against it in the SAC to this Court.

32.     GLG and Garcia assert that because BHC is a defendant on a cross-claim, it has no right to remove. (ECF No. 6, at 10-14). In support of their assertion, GLG and Garcia cite *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435 (2019), which they claim bars removal. GLG and Garcia's reliance on *Home Depot* is misguided and as the *Home Depot* court did not consider the "separate and independent claim" rule.

33.     In *Home Depot*, Citibank, N.A. filed a claim against Respondent Jackson in state court for past due charges incurred on a Home Depot credit card. 587 U.S. at 439. Jackson filed an answer and brought a third-party class action against Home Depot U.S.A., Inc. and another party. *Id.* Home Depot thereafter filed notice of removal under 28 U.S.C. § 1441. *Id.* Jackson

10

moved to remand, asserting that removal by a third-party counterclaimant was barred by law. *Id*. The Supreme Court remanded the action and held that a third-party counterclaim defendant was not a "defendant" under 28 U.S.C. § 1441, reasoning that filing of counterclaims that included class-action allegations against a third-party did not create a new civil action with a new plaintiff and defendant. *Id*. at 443-44.

34.     *Home Depot*'s holding is inapplicable to the case at hand as the causes of action amongst the parties were intrinsically related, and no analysis was done of the "separate and independent claim" rule. Furthermore, *Home Depot* did not involve an interpleader action in which no adverse action was asserted at the commencement of the case.  The facts of the present matter are distinguishable from *Home Depot.* This Court should instead consider the facts of this case in conjunction with the holding in *Walker*. GLG and Garcia's wholly separate cross-claims asserted against BHC did create an entirely new civil action with a new plaintiff(s) and defendant. Thus, the holding in *Home Depot* does not bar BHC's removal.

**B.  There is Complete Diversity Amongst the Adverse Parties.**

35.     The diversity analysis need not be complex. As set forth in the Motion to Remove, GLG and Garcia are each citizens of Texas and BHC is a citizen of Delaware and Florida. Webster is a nominal party who is not adverse to movants or BHC. The remaining parties in the caption are original parties to the State Court Lawsuit which settled in 2023, and have no interest in the present dispute. Accordingly, there is complete diversity of citizenship amongst the adverse parties.

36.     GLG and Garcia assert there is not complete diversity amongst the parties because Webster is a citizen of Texas. (ECF No. 6, at 19-20). Such assertion is based on a distorted view the practical realities of the dispute. Webster is a nominal party whose citizenship has no effect on the Court's diversity analysis. *See LNY 5003 LLC v. Zurich Am. Ins. Co.*, 558 F. Supp. 3d 416, 420

(S.D. Tex. 2021), aff'd sub nom. *LNY 5003, L.L.C. v. Zurich Am. Ins. Co.*, No. 22-20573, 2023 WL 6621677 (5th Cir. Oct. 11, 2023).

37.    As set forth above, the Interpleader Action brought by Webster is a non-adversarial "separate and independent" claim from the dispute amongst GLG, Garcia, and BHC. Webster initiated the Interpleader Action for the sole purpose of determining whether the funds in its IOLTA account should be directed to GLG or BHC.[2] No party to the present matter has legitimate grounds to recover damages against Webster; nor does Webster have any affirmative claims to recover against any of the other parties. While Webster also brings a claim for declaratory judgment in his Amended Interpleader Petition, that fact does not change the Court's analysis, nor does it convert Webster into an adverse party for purposes of the diversity analysis because "a declaratory judgment is not a cause of action but is rather a remedy dependent on the assertion of some underlying substantive right." *Valley Chili Props., LLC v. Truist Bank*, 738 F. Supp. 3d 846, 855 n.4 (W.D. Tex. 2024), appeal dismissed sub nom. *Valley Chili Props., L.L.C. v. Truist Bank*, No. 24-50602, 2024 WL 5347461 (5th Cir. Dec. 10, 2024).

38.    BHC recognizes that GLG and Garcia name Webster as a "counter-defendant" for purposes of seeking a declaratory judgment that it is entitled to the attorneys' fees obtained in the personal injury lawsuit in the State Court Litigation. However, Webster is a "counter-defendant" in name only as a declaratory judgment is not a cause of action between adverse parties. *Truist Bank*, 738 F. Supp. 3d at 855 n.4. Certainly, GLG and Garcia improperly joined Webster as a "counter defendant" in the SAC for the first time, for the sole purpose of defeating federal diversity jurisdiction.

---

[2] Webster initially plead on December 13, 2023 that "WVM claims no interest in the attorneys' fee earned by MLG in the above styled and numbered cause and, asks the court to declare WVM as an innocent holder of the settlement funds, and order payment to MLG and/or BHC in accordance with the Court's findings." (Burton Decl., Ex. A at ¶ 4.1.)

12

39.    "To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (internal quotation omitted). A party may establish the second prong of improper joinder by showing "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.

40.    The lone "claim" asserted against Webster is undoubtably an underhanded tactic employed by GLG and Gacia to game the system. This type of gamesmanship is looked down upon by federal courts. "The Federal court should not sanction devises intended to prevent the removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting 14 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3641, at 173 (3d ed. 1998)).

41.    GLG and Garcia have no reasonable basis for recovery against Webster. Webster sought guidance from the Hidalgo County Court for the disbursement of attorneys' fees purportedly sitting in its IOLTA account. Webster never claimed to be in personal possession of such funds, nor is it seeking any sort of money judgment or damage amount against either GLG or Garcia. Similarly, GLG and Garcia ask the Hidalgo County Court to declare GLG the rightful owner of the funds in Webster's IOLTA account, and do not seek any sort of recovery or money judgment against Webster personally.  Thus, there is no possibility that GLG or Garcia "recover" any damages from Webster.

42.     As there was no reasonable basis to name Webster as a counter-defendant in the SAC other than to sabotage BHC's diversity jurisdiction claim, the joinder of Webster is fraudulent. Accordingly, complete diversity exists in this matter.

## II.    BHC Complied with All Time Requirements and Procedures Necessary for a Proper Removal.

43.     GLG and Garcia filed the SAC on May 27, 2025. BHC filed its Motion to Remove on June 26, 2025, within the thirty-day window for removal. GLG and Garcia assert that BHC's Notice of Removal was untimely. (ECF No. 6, at 14.) Such assertion is meritless and inconsistent with the procedural posture in this matter. Under the "Substantial Repleading" exception to the timing limitations set forth in 28 U.S.C. § 1446(b), BHC's Notice of Removal was timely and within the thirty-day window of service of the SAC.

44.     GLG and Garcia also assert that BHC did not comply with removal procedures by failing to obtain their consent to remove. (ECF No. 6, at 21). As the plaintiffs of the only adverse claims at issue, BHC was not required to obtain movants' consent rendering GLG and Garcia's argument futile.

### A.  BHC's Notice of Removal Was Filed Within Thirty Days of Service of the SAC.

45.     Typically, a notice of removal of a civil cause of action "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

46.     However, there is a recognized exception to the thirty-day removal requirement known as the "substantial repleading exception." Under this exception, the thirty-day time period begins to run upon filing of an amended pleading when such pleading "so changes the nature of his action as to constitute a substantially new suit." *Serv. Asset Mgmt. Co. v. Hibernia Corp.*, 80

F. Supp. 2d 626, 629 (E.D. Tex. 2000). The substantial repleading exception applies and revives a party's right to remove when a party initially waives its right to remove by failing to remove within the thirty-day period, but the opposing party "amends her pleading to substantially change the nature of the action." *Id*. at 630. *See also Thomas v. Exxon Mobil Corp.*, No. CIV.A. 03-2269, 2003 WL 22533677, at \*3 (E.D. La. Nov. 5, 2003) (recognizing the "substantial repleading exception" as an exception to the thirty-day time limit set forth in § 1446(b)(1)).

47.     GLG and Garcia's FAC against BHC – which is the first pleading that was actually served on BHC in the Action– asserted only claims for declaratory relief and fraudulent misrepresentation.

48.     By contrast, and in addition to the claims asserted in the FAC, the SAC asserts four additional (albeit highly dubious) claims against BHC *and* (purportedly) BHC's related entity, BHF, for, *inter alia*, money had and received, breach of contract, unjust enrichment, and civil conspiracy. The FAC only alleges that BHC misrepresented certain facts to GLG, while the SAC alleges, among other things, that BHC and BHF conspired to defraud GLG and Garcia in some far-fetched scheme to "get access to attorneys' fees for so-called legal investment and deferral services neither of them would or actually intended to provide." (Burton Ex. G, ¶ 11.2.)

49.     More specifically, GLG and Garcia assert countless new allegations against BHC in the SAC including the following:

> a.  BHC received $1,224,651.97 of GLG and Garcia's funds improperly and such funds belong to GLG and Garcia (Burton Ex. G, at 8);
>
> b.  BHC and BHF duped GLG and Garcia into a contract under which $2,293,455.64 would be invested in safe and reliable investments, and such contract was breached such contract by failing to appropriately invest such funds (*Id*. at 8-9);
> c.  BHC and BHF were unjustly enriched by way of receiving investment funds from GLG and Garcia and failing to properly invest such funds, among other things (*Id*. at 9); and

15

d.  BHC and BHF engaged in a civil conspiracy against GLG and Garcia by conspiring to defraud GLG and Garcia out of millions of dollars by claiming such funds would be used for services that BHC and BHF could not and never intended to provide. (*Id*. at 9-10).

50.     The SAC essentially constitutes a new lawsuit against BHC as the claims asserted in the SAC fundamentally changed the litigation and require BHC to defend against several new, novel causes of action. The purpose behind the thirty-day limitation would not be served by granting the Motion to Remand as BHC is not seeking "to start an old case over in a new court but to litigate a new case in the new court." *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n*, 668 F.2d 962, 966 (7th Cir. 1982).

51.     GLG and Garcia rely upon *Dunn v. Gaiam, Inc.* to support its Motion for Remand, but such reliance is misguided. (Doc. 6, at 17). In *Dunn*, the court noted that the allegations in plaintiff's first amended complaint and original complaint were "nearly identical basic allegations." 166 F. Supp. 2d 1273, 1276 (C.D. Cal. 2001). Although the court noted that additional causes of action were asserted in the amended complaint, the general gravamen of the complaint was not changed so drastically to overlook the waiver of removal. *Id*. at 1280. In the present case, the SAC not only adds an additional party, BHF, but adds several new causes of action containing complex factual allegations and legal theories which would justify the issuance of damages in an amount greater than $2 million, which was not sought in the FAC. Nowhere in the prior pleading did an alleged conspiracy with BHF appear, nor was there any allegation that GLG and Garcia were duped out of more than $2 million in an intricate scheme. Through its SAC, the nature of the litigation changed, forcing BHC to reconsider its defenses and entire litigation strategy.

52.     GLG's and Garcia's additional allegations, subsequent non-suit of BHF in the midst of BHF's attempt to remove, and excessive damage claims in the SAC all bring to light GLG's and Garcia's intentions to undermine BHC's ability to remove this matter to federal court.

Alternatively, BHC is making no attempt to game the system by removing at this point; it is GLG and Garcia that have repeatedly amended the operative pleadings and changed their legal theories throughout this litigation. Furthermore, minimal judicial resources have been expended in litigating the Impleader Action up to this point. Thus, applying the "substantial repleading exception" will not run afoul to the purpose behind the thirty-day limitation. *See Wilson*, 668 F.2d at 965.

53.    The SAC is not a "minor amendment" to the pleadings, but, instead, a fundamental alteration to the pleadings in a matter that changed the character of the underlying lawsuit. It is not as if a single procedural count was added to the SAC; GLG and Garcia added four new causes of action that certainly could have been alleged in their initial cross-claim against BHC. Accordingly, the "substantial repleading exception" shall apply in this matter, rendering BHC's Motion to Removal timely under 28 U.S.C. § 1446.

### B.  The One-Year Limitation Does Not Apply When Removal Rights are Revived.

54.    GLG and Garcia next assert that BHC's notice of removal is untimely under the one-year limitation imposed on diversity cases under 28 U.S.C. § 1446(c)(1). (Doc. 6, at 18-19). Under 28 U.S.C. § 1446(c)(1), notice of removal based on diversity jurisdiction must be removed within one year of commencement of an action. However, based on mandatory authority in the Fifth Circuit, such one-year limitation is not absolute. It is undoubtable that GLG's and Garcia's argument fails as a matter of law.

55.    In *New York Life Ins. Co. v. Deshotel*, the court was asked to decide whether the one-year removal limitation applied "only to those state court cases that are not initially removable, or to all diversity cases that a defendant seeks to remove." 142 F.3d 873, 885 (5th Cir. 1998). After reviewing the legislative history of 28 U.S.C. § 1446 and instructive case law, the *Deshotel* court

determined that one-year limitation on removal only applies to cases that were not initially removable at the commencement of the action. *Id*. at 886. Two years later, the court in *Johnson v. Heublein Inc.* confirmed that the one-year limitation on removal only applies to cases which were not initially removable upon the initial pleading. 227 F.3d 236, 241 (5th Cir. 2000).

56.     Although the case caption in this matter references all the original parties to the underlying and unrelated State Court Lawsuit, the parties to Webster's Original Interpleader Petition were Webster, a non-adverse citizen of Texas, GLG, a citizen of Texas, and BHC, a citizen of Delaware and Florida.

57.     As set forth in Section I.B., *supra*, there is complete diversity amongst the adverse parties, and such complete diversity existed at the time of the Original Interpleader Petition was filed. GLG and BHC are not citizens of the same state. Accordingly, as there is no dispute that there was complete diversity at the time the Interpleader Action was commenced, meaning the one-year time limit under 28 U.S.C. § 1446(c)(1) does not apply.

### C. BHC's Removal Did Not Require Consent of All Other Parties.

58.     GLG and Garcia contend that BHC's Notice of Removal is procedurally defective because they did not consent to such removal. (ECF No. 6, at 21). Such argument is non-sensical and ignores that facts that GLG and Garcia are *plaintiffs* of the only adverse claims at issue. As set forth herein, the Impleader Action is separate and independent from the claims asserted by GLG and Garcia in the SAC, of which GLG and Garcia are cross-claim plaintiffs, leaving Webster as the only "co-defendant." However, "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined." *Metzloff v. Royal Trucking Co.*, 473 F. Supp. 3d 700, 711 (E.D. Tex. 2020) (quoting *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007)). It would be "nonsensical" to require the consent of an improperly joined party such as

18

Webster to consent to removal when BHC is the only proper Defendant to the SAC. *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007). Accordingly, as BHC was the only properly joined defendant to the SAC, BHC's removal was not invalid for failure to obtain the consent of GLG and Garcia, or Webster for that matter.

### III.    GLG and Garcia's Remaining Technical and Equitable Arguments Lack Merit.

59.    GLG and Garcia attempt to bolster the Motion to Remand with a myriad of lackluster arguments that do not justify granting their motion for remand. Neither the doctrine of waiver nor equitable considerations defeat this Court's jurisdiction over this matter.

### A.    BHC Never Waived its Right to Removal.

60.    GLG and Garcia assert that BCH waived its right to removal by filing a motion to quash in the State Court Litigation. However, in actuality, BHC's motion was a Motion to Abate Discovery. (ECF No. 1-2 at 71.) Nonetheless, this argument is contrary to the weight of precedent in this Court. A waiver of removal rights "is not lightly found, and the waiver must be 'clear and unequivocal.'" *Petry v. Versabar, Inc.*, 744 F. Supp. 3d 742, 745 (S.D. Tex. 2024) (quoting *Resolution Tr. Corp. v. Bayside Dev*., 43 F.3d 1230, 1240 (9th Cir. 1994)). "Most litigation conduct does not waive the right to remove," and generally, "the right of removal is not lost by action in state court short of proceeding to an adjudication on the merits." *Id*. In order to lose the right to removal via waiver, a defendant "must take some action that amount to 'seeking an adjudication on the merits.'" *Brazos Presbyterian Homes Inc. v. Thomas Hancock Witte & Assocs*., 692 F. Supp. 3d 704, 711 (S.D. Tex. 2022) (quoting *David K. Young Consulting, LLC. v. Arnold*, 2013 WL 1411654, * 4 (W.D. Tex. 2013)).

61.    Certainly, BHC did not clearly and unequivocally wait its right to remove by engaging in motion practice. BHC never filed a dispositive motion, nor did it seek to resolve the matter on the merits. Accordingly, BHC did not waive its right to remove.

**B.  Equitable Considerations Do Not Support Remand.**

62.    GLG and Garcia's final argument is that the equitable doctrines of comity and abstention support their motion for remand. In support of such argument, GLG and Garcia point to a ruling regarding "dominant jurisdiction" rendered by the Hidalgo County Court as a determinative depriving this Court of jurisdiction. GLG's and Garcia's argument is misguided.

63.    As a matter of federal statute, a defendant has the right to remove a civil action to federal court if such matter is within the federal court's original jurisdiction. 28 U.S.C. § 1441(a); *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 888 (5th Cir. 2024). Accordingly, if jurisdiction exists, a party has the right to remove to federal court. "[T]he right of removal was designed to protect nonresidents from the local prejudices of state courts." *Dardeau v. W. Orange-Grove Consol. Indep. Sch. Dist.*, 43 F. Supp. 2d 722, 730 (E.D. Tex. 1999). As set forth herein, this Court has jurisdiction over the present dispute and all removal procedures were complied with. Comity and abstention do not require this Court to remand this matter back to state court.

64.    Contrary to GLG and Garcia's assertion, the determination of "dominant jurisdiction" is not a matter of state jurisdiction versus federal jurisdiction, but instead a determination of which state court should retain jurisdiction to the exclusion of other state courts where an action could be properly venued. *See Encore Enters., Inc. v. Borderplex Realty Tr.*, 583 S.W.3d 713, 725 (Tex. App. 2019) (stating that the "general rule of dominant jurisdiction provides that where a suit would be proper in more than one county, the county in which the suit was first filed acquires dominant jurisdiction to the exclusion of other countries of equal stature"). The fact

20

that the Hidalgo County Court determined it has "dominant jurisdiction" does not override BHC's federal statutory right to removal. *See e.g.*, *Encore Enters., Inc. v. Borderplex Realty Tr.*, 583 S.W.3d 713, 725 (Tex. App. 2019) ("state law is preempted where it stands as an obstacle to the accomplishment and executive of the full purposes and objectives of Congress.") (internal quotation omitted).

65.     Lastly, GLG and Garcia are not entitled to remand because the SAC contains state law claims. "[T]he Judiciary has a responsibility to decide cases properly before it, even those it 'would gladly avoid.'" *Zivotofsky ex rel. Zivotofsky v. Clinton*, 566 U.S. 189, 195, 132 S.Ct. 1421, 182 L.Ed.2d 423 (2012) (quoting *Cohens v. Virginia*, 5 L.Ed. 257 (1821)); *Texas v. Garland*, 719 F. Supp. 3d 521, 582 (N.D. Tex. 2024). "Once a federal court determines that jurisdiction has been conferred over a matter, it generally cannot abstain from exercising that jurisdiction." *See Parada v. Sandhill Shores Prop. Owners Ass'n, Inc.*, 604 F. Supp. 3d 567, 579 (S.D. Tex. 2022).   The *Colorado River* abstention exception GLG and Garcia rely upon is inapplicable to this matter and inappropriate because there are not parallel suits in state and federal involving the same parties and issues. *Id.* Accordingly, equitable doctrines cannot prevent this matter from proceeding in this Court.

**IV.     GLG and Garcia are Not Entitled to Costs, Expenses, and Attorneys' Fees.**

66.     Even if this Court denies BHC's Motion to Remove and remands this matter to state court, GLG and Garcia are not entitled to any costs, expenses, or attorneys' fees incurred in bringing the present motion. A federal district court may only award a party moving for remand its costs and attorneys' fees under 28 U.S.C. § 1447(c) when it determines "the removing party lacked an objectively reasonable basis for seeking removal." *Martinez v. Pfizer Inc*., 388 F. Supp. 3d 748, 776 (W.D. Tex. 2019). If the court determines the removing party had a reasonable basis for removal, the party seeking remand is not entitled to any fees or costs. *Id.* As set forth herein,

BHC was served with the SAC on May 27, 2025, which substantially transformed the pleadings so as to constitute an entirely new lawsuit against BHC. BHC thereafter filed its Notice of Removal within the 30-day removal window, setting forth a reasonable basis for this Court's jurisdiction. GLG and Garcia have engaged in gamesmanship since the Interpleader Action began, via amendments, non-suiting parties, and the like. Under these circumstances, it would be unreasonable to award GLG and Garcia their costs, expenses, and attorneys' fees.

## CONCLUSION

BHC can establish this Court has jurisdiction over this matter and it complied with all statutory procedures in seeking removal. GLG and Garcia's Motion to Remand is wrought with factual inaccuracies, misapplication of law, and should not win the day. For the reasons set forth herein and in its Notice of Removal, BHC respectfully requests that this Court deny GLG and Garcia's Motion to Remand and allow this matter to proceed before this Court.

Respectfully submitted,

**SPENCER FANE LLP**

Dated: August 5, 2025

/s/ _____
JOSEPH A. GARNETT
TX Bar No. 07680600
Seong J. Hong
TX Bar No. 24134914
3040 Post Oak Boulevard, Suite 1400
Houston, Texas 77056
Telephone: (713) 552-1234
Facsimile: (713) 963-0859
E-mail: jgarnett@spencerfane.com
E-mail: shong@spencerfane.com

*Attorneys for Interpleading Defendant Brook-Hollow Capital, LLC*

22

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served either by e-service, e-mail, facsimile or certified mail return receipt requested to all counsel of record on this 5th day of August, 2025.

*/s/*
JOSEPH A. GARNETT