# EXHIBIT C

Electronically Filed
11/6/2024 7:18 PM
Hidalgo County District Clerks
Reviewed By: Maria Davila

CAUSE NO. C-2917-16-B

| | | |
|---|---|---|
| JORGE GARCIA, Individually and on behalf of the Estate of ABRAHAM GARCIA, deceased, LUIS ROGELIO PUENTE MARTELL, Individually and on behalf of the Estate of LUIS ROGELIO PUENTE VILLELA, deceased, OLIVIA MIRIAM VILLELA ORTIZ, Individually, and DANIELLA BARAJAS Individually and on behalf of the Estate of AURELIANO BARAJAS, ANTONIO BARAJAS, Individually | § § § § § § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| JEANETTA IZELA GARCIA FASSION, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF AURELIANO BARAJAS, DECEASED, AND AS NEXT FRIEND OF AURELIANO BARAJAS GARCIA, A MINOR, INDIVUDALLY, AND ANDRES BARAJAS GARCIA, A MINOR, INDIVIDUALLY, | § § § § § § § § § § | OF HIDALGO COUNTY, TEXAS |
| Intervenors, v. | § § § | |
| LYCOMING ENGINES, A DIVISION OF AVCO COPORATION, AND AVCO CORPORATION; TEXTRON AVIATION, INC., CESSNA AIRCRAFT COMPANY; MCCREERY AVIATION COMPANY INC.; AVIATION MANUFACTURING COMPANY, INC. AND INTERSTATE SOUTHWEST LTD. | § § § § § § § § | 93RD JUDICIAL DISTRICT |
| Defendants, | § § § § § § | |
| And | § § | |
| WEBSTER VICKNAIR MACLEOD | § § | |
| Interpleading Plaintiff. | § | |

Page | 1

Electronically Filed
11/6/2024 7:18 PM
Hidalgo County District Clerks
Reviewed By: Maria Davila

**COUNTER-PLAINTIFF and CROSS-PLAINTIFF THE GARCIA LAW GROUP PLLC's COUNTERCLAIM AND CROSSCLAIM**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**The Garcia Law Group PLLC**, files its Counterclaim and Crossclaim and would show the Court the following:

## I.
## DISCOVERY PLAN

1.1   **The Garcia Law Group PLLC** intends to conduct discovery in this cause under Discovery Control Plan Level Three and requests a Docket Control Conference so that discovery may be tailored to the circumstances of this suit.

## II.
## JURISDICTION AND VENUE

2.1   This interpleader action arises from a dispute between rival interests seeking attorney's fees earned in the above styled and numbered cause.

2.2   This Court has jurisdiction over the subject matter and the parties.

2.3   Venue is proper in Hidalgo County as the attorney's fees in dispute were earned through the confidential settlement of the above styled and numbered cause which is still pending in the 93rd District Court of Hidalgo County. The original contract and documents related to this suit were negotiated in and executed in Hidalgo County; thus, all or a substantial part of the events or omissions giving rise to the claim occurred in this County and venue is proper under Texas Civil Practice & Remedies Code § 15.002(a)(1).

## III.
## PARTIES AND SERVICE

3.1   Counter-Plaintiff and Cross-Plaintiff, **The Garcia Law Group PLLC (GLG),** is a law firm

Electronically Filed
11/6/2024 7:18 PM
Hidalgo County District Clerks
Reviewed By: Maria Davila

with its primary office in McAllen, Hidalgo County, Texas.

3.2     Plaintiff in Interpleader and Counter-Defendant, **Jason C. Webster P.C. d/b/a Webster Vicknair MacLeod (WVM)** is a professional corporation with its principal place of business in Houston, Harris County, Texas. **WVM** has appeared herein.

3.3     Defendant In Interpleader and Cross Defendant, **Brook Hollow Capital LLC (BHC)**, is a foreign Limited Liability Company which conducts substantial business in the State of Texas but is not registered to do business in the State of Texas. **BHC** may be served by serving the Secretary of the State of Texas with forwarding of this Counterclaim and Crossclaim to Tate Johnson, President and Chief Operating Officer, 161 N. Clark, Suite 2925, Chicago, Illinois.

## IV.
## RULE 193.7 NOTICE

4.1     Pursuant to Rule 193.7 of the *Texas Rules of Civil Procedure*, **GLG** gives actual notice to all parties that any documents produced by them may be used against them at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## V.
## FACTS RELATING TO ATTORNEY'S FEE DISPUTE

5.1     **WVM** represented Plaintiffs and Intervenors in the above styled and referenced matter.

5.2      **GLG an**d **WVM** entered into a Power of Attorney agreement with Plaintiffs

and Intervenors.

5.3      According to the Power of Attorney, attorneys' fees earned in the case were split between **GLG** and **WVM**.

5.4     In November 2023, the case settled for a confidential sum during trial.

5.5     Defendants and their insurers paid all settlement funds, including attorney's fees, to **WVM** and **WVM** deposited all settlement funds, including attorney's fees, into its IOLTA account.

Page | 3

Electronically Filed
11/6/2024 7:18 PM
Hidalgo County District Clerks
Reviewed By: Maria Davila

5.6     A dispute arose over attorneys' fees earned by **GLG** which were in **WVM's** IOLTA account with both **GLG** and **BHC** claiming a superior right to **GLG's** attorneys' fees.

5.7     On December 13, 2023, **WVM** filed its Petition in Interpleader asking for the Court to decide how to divide **GLG's** attorneys' fees.

5.8     Now, **WVM** also has a dispute with **BHC** and has refused to release the funds to **BHC** contending that if **GLG** is not entitled to the funds, **WVM** is the rightful possessor of the funds because of amounts owed to **WVM** from **BHC.**

## VI.
## FRAUDULENT MISREPRESENTATIONS AND FRAUDULENT INDUCEMENT BY BHC

6.1     **BHC** approached **GLG** with a tax plan that **BHC** assured **GLG** would provide it with a 20-year tax deferral on attorney's fees earned as well as provide **GLG** with the ability to raise substantial capital at very low interest rates.

6.2     **BHC's** false representations which induced **GLG** to enter into agreements to relinquish the attorney's fees it earned included, but were not limited to, the following:

   a. BHC's tax plan was "foolproof":

   b. The Internal Revenue Service (IRS) had approved the tax plan:

   c. **BHC** had been utilizing the tax plan offered to **GLG** for years and never had a complaint or inquiry filed by the IRS.

   d. If the IRS ever made an inquiry to **BHC**, **BHC** would immediately advise its clients, like **GLG**, of the inquiry.

   e. **GLG's** attorney's fees would be invested in safe, reliable investments which would provide **GLG** with substantial rewards when the funds were paid back.

Electronically Filed
11/6/2024 7:18 PM
Hidalgo County District Clerks
Reviewed By: Maria Davila

6.3     GLG recently learned that Tate Johnson, President of BHC, was being investigated by the IRS for promoting "a deferred law firm fee scheme that appears to allow attorneys to unlawfully defer income for legal fees."

6.4     Johnson had refused to comply with two IRS summonses issued to him personally in March 2024.

6.5     Rather than freely provide the information to the IRS as one who was selling a legal tax deferral would do, it appears Tate Johnson is ducking the IRS and refusing to deal with them, all the while hiding this invaluable information about an IRS investigation from BHC's clients, like GLG.

6.6     The statements made in Section 5.2 by representatives of BHC were false when made.

6.7     Representatives of BHC knew the statements were false when they made them, and the statements were made with the express purpose of trying to induce GLG to pay its earned attorney's fees to BHC.

6.8     As a result of BHC's fraudulent statements, GLG has suffered damages, not only as it relates to the loss of attorney's fees earned in this case, but damages beyond the attorney's fees.

6.9     Further, since the fraudulent statements by BHC were made willfully, with full knowledge that they were false, GLG seeks punitive damages in an amount that would deter BHC from acting in the same malicious and reckless manner in the future.

## VII.
## DECLARATORY JUDGMENT

7.1     **GLG** asks for the Court to declare that the attorneys' fee earned by **GLG** in the above styled and numbered cause are rightly the property of **GLG**, asks the court to declare **GLG** as the rightful owner of the attorney's fees, and order payment to **GLG** in accordance with the Court's findings.

Electronically Filed
11/6/2024 7:18 PM
Hidalgo County District Clerks
Reviewed By: Maria Davila

7.2     **GLG** further asks the court to declare that **BHC** and **WVM** are not the rightful owners of the attorney's fees and receive nothing in this suit.

7.3     **GLG** seeks its reasonable attorney's fees and costs of court incurred.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED, The Garcia Law Group PLLC** respectfully prays, that upon final hearing of the cause, declaratory judgment be entered for **Garcia Law Group PLLC** and against **Jason C. Webster P.C. d/b/a Webster Vicknair MacLeod** and **Brook Hollow Capital LLC (BHC)** declaring that the attorney's fees earned in the above referenced matter shall be paid to **The Garcia Law Group,** and for damages against **Brook Hollow Capital LLC (BHC)** in an amount within the jurisdictional limits of the Court, together with pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which **Garcia Law Group PLLC** may be entitled at law or in equity.

Respectfully submitted,

MARTINEZ REILLY, LLP

By:  /s/ Mark Carrigan
       Marion M. Reilly
       Texas Bar No. 24079195
       Email: Marion@mrtrial.com
       Hon. John B. Martinez
       Texas State Bar No. 24010212
       E-Mail: john@mrtrial.com
       Kyle A. Batson
       Texas State Bar No. 24136732
       Email: Kyle@mrtrial.com
       Mark Carrigan – *Of Counsel*
       *Texas State Bar No.* 03875200
       E-mail; Service@mrtrial.com
       3636 South Alameda, Ste. B119
       Corpus Christi, Texas 78411
        Direct:  (361) 273-6771

Electronically Filed
11/6/2024 7:18 PM
Hidalgo County District Clerks
Reviewed By: Maria Davila

Fax: (361) 704-8355
** Service Email**     Service@mrtrial.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record on this 6th day of November 2024.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Maria Martinez on behalf of Mark Carrigan
Bar No. 3875200
mmartinez@carriganlawgroup.com
Envelope ID: 94019335
Filing Code Description: Counter Claim/Cross Action/Interpleader/Intervention/Third Party
Filing Description: COUNTER-PLAINTIFF and CROSS-PLAINTIFF THE GARCIA LAW GROUP PLLCs COUNTERCLAIM AND CROSSCLAIM
Status as of 11/8/2024 9:54 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jason C. Webster | | filing@thewebsterlawfirm.com | 11/6/2024 7:18:59 PM | SENT |
| JASON WEBSTER | | FILING@THEWEBSTERLAWFIRM.COM | 11/6/2024 7:18:59 PM | SENT |
| RUSSELL SERAFIN | | RSERAFIN@THEWEBSTERLAWFIRM.COM | 11/6/2024 7:18:59 PM | SENT |
| Marion Reilly | | service@mrtrial.com | 11/6/2024 7:18:59 PM | ERROR |

Associated Case Party: Jorge Garcia

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jason Webster | | filing@thewebsterlawfirm.com | 11/6/2024 7:18:59 PM | SENT |
| RUSSELL SERAFIN | | rserafin@thewebsterlawfirm.com | 11/6/2024 7:18:59 PM | SENT |
| HEIDI O.VICKNAIR | | hvicknair@thewebsterlawfirm.com | 11/6/2024 7:18:59 PM | SENT |