.IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JORGE GARCIA, Individually and on behalf of the Estate of ABRAHAM GARCIA, deceased; LUIS ROGELIO PUENTE MARTELL, Individually and on behalf of the Estate of LUIS ROGELIO PUENTE VILLELA, deceased; OLIVIA MIRIAM VILLELA ORTIZ, Individually; DANIELLA BARAJAS, Individually and on behalf of the Estate of AURELIANO BARJAS; and ANTONIA BARAJAS, Individually, <br><br> *Plaintiffs*, <br><br> v. <br><br> JEANETTA IZELA GARCIA FASSION, Individually and as personal representative of the Estate of AURELIANO BARAJAS, deceased; and as next friend of AURELIANO BARAJAS GARCIA, a minor, individually; and ANDRES BARAJAS GARCIA, a minor, individually, <br><br> *Intervenors,* <br><br> v. <br><br> LYCOMING ENGINES, a division of AVCO CORPORATION, and AVCO CORPORATION; TEXTRON AVIATION, INC.; CESSNA AIRCRAFT COMPANY; MCCREERY AVIATION COMPANY INC.; AVIATION MANUFACTURING COMPAN,Y INC.; AND INTERSTATE SOUTHWEST LTD., <br><br> *Defendants*, <br> and <br><br> WEBSTER VICKNAIR MACLEOD, <br><br> *Interpleading Plaintiff*, | COURT FILE NO. _____ <br><br><br><br> NOTICE OF REMOVAL OF INTERPLEADING DEFENDANT BROOK-HOLLOW FINANCIAL, LLC |

and

THE GARCIA LAW GROUP PLLC and
MARIA GARCIA,

    *Interpleading Defendants and Cross Plaintiffs*,

and

BROOK-HOLLOW CAPITAL, LLC and
BROOK-HOLLOW FINANCIAL, LLC,

    *Interpleading Defendants*.

---

    Interpleading Defendant Brook-Hollow Financial, LLC, by and through its undersigned counsel, as and for its Notice of Removal pursuant to 28 U.S.C. §§ 1441(b) and 1446, respectfully states as follows:

    1.    Brook-Hollow Financial, LLC ("**BHF**") is a Delaware limited liability company. BHF provides consulting related to legal fee tax deferral and cash management solutions to contingency fee attorneys focused on maximizing hard earned attorney fees.

    2.    Interpleading Defendant Brook-Hollow Capital, LLC ("**BHC**"), is a Delaware limited liability company engaged in the business of making loans to lawyers, particularly those paid on a contingent-fee basis in personal injury, mass tort, and class action lawsuits

    3.    This Notice of Removal concerns a lawsuit pending in the District Court for Hidalgo County, Texas, as Cause No. C-2917-16-B (the "**Action**"). The Action, which originated as a personal injury matter in 2016, has a complex procedural history. The operative Second Amended Counterclaim and Crossclaim dated May 27, 2025 – which brought BHF into the Action and forms the basis of BHF's right to remove the matter to this Court – is attached hereto as **Exhibit A**.

4. As noted, the Action was commenced as a personal injury lawsuit in June 2016. The parties settled during trial in November 2023. (Ex. A ¶ 5.4.)

5. After the case settled, the defendants and their insurers paid all settlement funds, including attorneys' fees, to plaintiffs' counsel, Interpleading Plaintiff Jason C. Webster P.C. d/b/a Webster Vicknair McCloud ("**Webster**"), and Webster deposited the funds into its IOLTA account. (Ex. A, ¶¶ 5.1-5.4.)

6. A dispute subsequently arose regarding the attorneys' fees that had been paid into Webster's IOLTA account. Specifically, the parties disagreed as to who was entitled to receive those fees. (Ex. A, ¶ 5.6)

7. By way of background, Interpleading Defendant and Cross Plaintiff The Garcia Law Group PLLC ("**GLG**") entered into a fee-splitting arrangement with Webster at the outset of the Action. After the parties settled, GLG sought payment of (what it claims to be) its portion of the earned attorneys' fees from the settlement proceeds. (Ex. A, ¶¶ 5.1-5.6.) However, one of GLG's attorneys, Maria Garcia ("**Garcia**") had provided Webster with a "Letter of Direction" directing GLG's funds to be paid to BHC.

8. Garcia had directed Webster to pay GLG's portion of the attorneys' fees to BHC due to GLG's default on certain loans that BHC had made to GLG in 2017 and 2018, which Garcia had personally guaranteed. These loans were *unrelated to the Action*; indeed, BHC was unaware of the Action until November 2024, as explained *infra* herein.

9. GLG objected to Garcia's instruction that Webster pay GLG's portion of the attorneys' fees to BHC. Accordingly, on December 13, 2023, Webster filed a Petition in Interpleader in the same Hidalgo County Court file that had resolved the underlying personal injury

dispute. The Petition related solely to the fees deposited in Webster's IOLTA account, and whether such fees should be paid to GLG or BHC.

10. Though Webster named GLG and BHC as defendants in interpleader, BHC was never served with a copy of its Petition. **BHF, meanwhile, which had *zero* involvement in the Action, and has no contract with GLG, or Garcia, or anyone else involved in this dispute, was *not* named in the original interpleader action.**

11. On November 6, 2024, nearly 11 months after the interpleader action was filed, GLG filed a general denial to Webster's petition and asserted a counterclaim and crossclaim against BHC. However, GLG never served its counterclaim and crossclaim against BHC, so BHC was unaware that it had been named in the Action until GLG served BHC with an *Amended* Counterclaim and Crossclaim in January 2025. The amended pleading did not name BHF.

12. Separately, due to GLG's uncured default under the 2017 and 2018 loans that had been personally guaranteed by Garcia, on November 8, 2024, BHC commenced suit against GLG and Garcia in this Court to collect the amounts owed. (*See* Court File No. M-24-466; hereafter, the **"Federal Action"**.)

13. After asking this Court to abstain from exercising jurisdiction in the Federal Action due to the ongoing interpleader proceedings, GLG filed a Second Amended Counterclaim and Crossclaim on May 27, 2025 in the Action naming BHC *and BHF* as parties. To date, BHF has not been served with the operative Second Amended Counterclaim and Crossclaim.

14. BHF has no relationship to the Action – including the interpleader – whatsoever. However, as all *properly-joined* parties in interest are diverse, BHF timely removes the Second Amended Counterclaim and Crossclaim to this Court as follows:

4

10300681v1

**A.     There is diversity of citizenship among all parties in interest properly joined hereto.**

15.     While the caption of this matter includes all original parties to the personal injury lawsuit that settled in 2023 (because Webster's Petition in Interpleader was filed in the same court file that resolved the personal injury claims), the only parties in interest to the present dispute are identified as follows:

- a.   Interpleading Plaintiff Webster, which is a citizen of Texas.
- b.   Counter-Plaintiff and Cross-Plaintiff, GLG, which is a citizen of Texas.
- c.   Counter-Plaintiff and Cross-Plaintiff Garcia, who is a citizen of Texas.
- d.   Interpleading Defendant BHC, which is a citizen of Delaware and Florida.
- e.   Interpleading Defendant BHF, which is a citizen of Delaware and Florida.

16.     Accordingly, there is complete diversity of citizenship among adverse parties, and none of the parties "properly joined and served as defendants" is a citizen of the State in which the Action was brought. 28 U.S.C. § 1441(b)(2).

17.     BHF acknowledges that GLG and Garcia have (albeit fraudulently) asserted that Webster is a "Counter Defendant." (Ex. A. ¶ 3.3.) However, Webster has no interest whatsoever in the disputed attorneys' fees. In fact, Webster the interplead funds are either in the Hidalgo County Court's registry or in Webster's IOLTA account and neither its original Petition in Interpleader, nor any of its pleadings filed thereafter, assert any claim whatsoever to the disputed funds.

18.     GLG and Garcia named Webster as a "Counter Defendant" solely to defeat federal diversity jurisdiction.

19.     Because Webster initiated the interpleader action for the sole purpose of determining whether the funds in its IOLTA account should be directed to GLG or BHC, no party

5

to this Action has grounds to recover against Webster; and nor does Webster have any affirmative claims to recover against any of the other parties. Accordingly, Webster's joinder was fraudulent and should be disregarded for removal purposes. *See Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 108–09 (S.D. Tex. 1994) ("Failure to specify a factual basis for recovery against a non-diverse party constitutes a failure to state a claim and fraudulent joinder of that party.") (citation omitted).

### B.    The amount in controversy exceeds $75,000.

20.    GLG and Garcia each claim damages in the Action in excess of $2 million dollars.

21.    Accordingly, because there is complete diversity between all *properly-joined* parties in interest to the Action, and because the amount in controversy exceeds $75,000, the Action is properly removable pursuant to 28 U.S.C. §§ 1441(b) and 1446.

WHEREFORE, Defendant Brook-Hollow Financial, LLC respectfully requests that this case proceed in this Court as an action properly removed to it.

Respectfully submitted,

**SPENCER FANE LLP**

Dated: June 11, 2025     */s/ **Joseph A. Garnett***
JOSEPH A. GARNETT
TX Bar No. 07680600
Seong J. Hong
TX Bar No. 24134914
3040 Post Oak Boulevard, Suite 1400
Houston, Texas 77056
Telephone: (713) 552-1234
Facsimile:  (713) 963-0859
E-mail: jgarnett@spencerfane.com
E-mail: shong@spencerfane.com

*Attorneys for Interpleading Defendant Brook-Hollow Financial, LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was served either by e-service, e-mail, facsimile or certified mail return receipt requested to all counsel of record on this 11th day of June, 2025.

                                              */s/ Joseph A. Garnett*
                                              JOSEPH A. GARNETT